UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

v.              Case No. 19-CR-193

BRIAN GANOS,

      Defendant.

## PLEA AGREEMENT

1. The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Megan J. Paulson, Assistant United States Attorney, and the defendant, Brian Ganos, individually and by attorney Jonas B. Bednarek pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2. The defendant has been charged in a three-count indictment, which alleges a violation of Title 18, United States Code, Sections 2252A(a)(5)(B) & (b)(2).

3. The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to Counts Two and Three of the indictment set forth in full as follows:

1

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

1. On or about August 3, 2016, in the State and Eastern District of Wisconsin and elsewhere,

**BRIAN GANOS**

knowingly possessed matter that contained images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a minor who had not attained the age of 12 years, and which had been mailed, shipped, and transported using a means and facility of interstate and foreign commerce, and that was produced using materials that had been mailed, shipped, and transported by a means of interstate and foreign commerce, including by computer.

2. The child pornography possessed by the defendant on or about August 3, 2016, included files identified by the following partial file names:

| Partial File Name | Description |
|---|---|
| YEA--_m | This image depicts a 7-11 year old nude child performing fellatio on a nude adult male penis. |
| PeQ--_m | This image depicts a 6-11 year old female straddling a dildo inserted in her vagina. The child is nude except for socks and sleeves. |
| h.g--_m | This image depicts a 9-13 year old nude child sitting on the floor, bound with rope around her wrists, arms, and ankles with her arms tied behind her back. |
| 4w--_m | The image depicts a 5-9 year old nude child with her legs and vagina spread by her hands and a shirtless adult male holding the child from behind with his erect penis protruding from his shorts. |

All in violation of Title 18, United States Code, Sections 2252A(a)5(B) and (b)(1).

# COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about March 21, 2019, in the State and Eastern District of Wisconsin and elsewhere,

**BRIAN GANOS**

knowingly possessed matter that contained images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a minor who had not attained the age of 12 years, and which had been mailed, shipped, and transported using a means and facility of interstate and foreign commerce, and that was produced using materials that had been mailed, shipped, and transported by a means of interstate and foreign commerce, including by computer.

2. The child pornography possessed by the defendant on or about March 21, 2019 included files identified by the following partial file names:

| Partial File Name | Description |
|---|---|
| Linda 10 yo.... | This video depicts a prepubescent female victim straddling a naked adult male lying on a bed. The adult male inserts his penis into the female's vagina. The victim's face is not visible in the video because she is wearing a ski mask. |
| **Partial MD5 Hash Value** | **Description** |
| 0e10c9 | This image depicts a female victim, who appears to be between 10-14 years old, laying on her back on top of a white sheet. She is naked, a male's hand is on her chest, and his penis is over her vagina. |
| caf7993 | This image depicts a female victim, who appears to be between 12-16 years old. She is naked from the waist down and bent over a cushion, while a nude adult male is behind her, pressing his groin into hers and touching her buttocks with his hand. |
| ae05f7 | This image depicts a female victim, who appears to be between 12-16 years old, sitting on a child's play mat. She is naked from the torso down, as her shirt is pulled up over her chest. There is a naked male in the photo as well, and he is hunched over the female, with his hand on her left leg. |

All in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

5.  The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offenses described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

On December 14, 2018, the National Center for Missing and Exploited Children (NCMEC) submitted three CyberTipline reports to the Wisconsin Department of Justice. All three tips were submitted to NCMEC by Microsoft, because a user with the screen name Live:pres29 uploaded three apparent child pornography images on three separate occasions. The Internet Protocol (IP) address used to upload the images was 98.144.37.26. A special agent from the Wisconsin Department of Justice authorized an administrative subpoena to Spectrum/Charter Communications, which indicated that the IP address is registered to Brian Ganos, email address bganos@wi.rr.com, listed telephone number of 414-XXX-2900 and 262-XXX-7484, residence of XXX, Muskego, WI (herein "residence").

The special agent transferred the case to the Muskego Police Department. On March 21, 2019, officers executed search warrants for Ganos' residence and black Cadillac Escalade bearing Wisconsin Plate 692-PTP (herein "vehicle"). At or about 08:04 am on March 21, 2019, Officer William Jones identified the vehicle and performed a traffic stop. Ganos was detained while the search warrants of his residence and vehicle were executed. Officers found two micro SD cards, an iPad, a black iPhone, and an HP laptop in the residence and an iPhone X and numerous CDs and DVDs in the vehicle.

On March 27, 2019, a partial extraction of the iPhone X found in the vehicle was performed. A video file named "Linda 10 yo.avi" was located. This video depicts a prepubescent female victim straddling a naked adult male lying on a bed. The adult male inserts his penis into the female's vagina. The victim's face is not visible in the video because she is wearing a ski mask. The iPhone X also contained three child pornography images. The first, with a file name ending 0e10c9, depicts a female victim, who appears to be between 10-14 years old, laying on her back on top of a white sheet. She is naked, a male's hand is on her chest, and his penis is over her vagina. The second, with a file name ending in caf7993, depicts a female victim, who appears to be between 12-16 years old. She is naked from the waist down and bent over a cushion, while a nude adult male is behind her, pressing his groin into hers and touching her buttocks with his hand. The third, with a file name ending in ae05f7, depicts a female victim, who appears to be between 12-16 years old, sitting on a child's play mat. She is naked from the torso down, as her shirt is pulled up over her chest. There is a naked male in the photo as well, and he is hunched over the female, with his hand on her left leg. This phone was under the sole control of Ganos when it was found in the vehicle that Ganos was driving. There were no other occupants in the vehicle when Ganos was stopped, and the phone was located within the center console, within reach of Ganos when he was driving. The number associated with this phone is 414-XXX-2900. Per the Muskego High School contact record, Brian Ganos can be reached via

4

cell phone at 414-XXX-2900, and email address pres29@hotmail.com, with alternate numbers and email addresses used for other members of the household.

On or about May 3, 2019, while reviewing a separate HP laptop (Serial Number MXL92419J3) seized on August 6, 2016, believed to be Ganos' work laptop, FBI Special Agent Walkowski discovered a single image of child pornography. It depicts a nude child performing oral sex on an adult male. The child appeared to be 8-10 years old. Once the image was discovered, the review of the laptop was terminated until a search warrant was issued on May 15, 2019. A full forensic review of the laptop revealed a Windows user account "briang." A Skype profile containing username "pres292929" and file transfer "10yo my girl knows I want it mmmm.jpg" was located. The HP laptop also contained sixteen pictures of child pornography. The first, file name ending in YEA--_m depicts a 7-11 year old nude child performing fellatio on a nude adult male penis. The second, file name ending in YUQ--_m, depicts a 6-11 year old female laying on her back with legs and vagina spread by her hands with the genital area the focus of the picture. The child is nude except for socks and a piece of clothing over her waist. The third, file name ending in PeQ--_m, depicts a 6-11 year old female straddling a dildo inserted in her vagina. The child is nude except for socks and sleeves. The fourth, file name ending in h.g--_m, depicts a 9-13 year old nude child sitting on the floor, bund with rope around her wrists, arms, and ankles with her arms tied behind her back. The fifth, file name ending kQ--_m, depicts a 9-15 year old nude child on her hands and knees on a mattress with the anus and vagina facing the camera. The sixth, file name ending 4w--_m, depicts a 5-9 year old nude child with her legs and vagina spread by her hands and a shirtless adult male holding the child from behind with his erect penis protruding from his shorts. The seventh, file name ending brg--_m, depicts a 4-8 year old child nude except for black thigh high stockings, with her legs spread exposing her vagina to the camera. The eighth, file name ending Rw--_m, depicts a 4-9 year old nude child laying on a nude adult male performing fellatio while the nude adult male performs fellatio on the child. The ninth, file name ending kgA--_m, depicts a 6-10 year old child laying on a bed performing fellatio on an adult male. The tenth, a file ending in iqQ--_m, depicts an 8-15 year old child performing fellatio on an adult male penis. The eleventh, file ending in KQ--_m, depicts two 5-10 year old children sitting on a bed both gripping an adult male penis. One child is nude, the other is wearing a shirt. The adult male is nude from the waist down. The twelfth, file ending 6CA--_m, depicts a 6-10 year old child, nude except for glasses, laying on a bed with her legs spread, vagina and anus facing the camera, with a note book in one arm. The thirteenth, file ending in 9mQ--_m, depicts two nude 6-9 year old children with the female child holding the male child's penis. The fourteenth file, ending in Chw--_m, depicts an adult shirtless female performing fellatio on a 3-5 year old child's penis. The fifteenth file, ending in kA--_m, depicts a 7-10 year old female laying on a couch, pulling her bikini style underwear to the side to expose her vagina to the camera. The sixteenth file, ending in G87g--_m, depicts a shirtless adult female performing fellatio on a 6-10 year old's penis.

On May 30, 2019, a federal search warrant was secured for Ganos' Skype account with the username "pres29" or "live:pres29," registered to "Brian Ganos," email "pres29@hotmail.com." This user information was obtained from the HP laptop seized during the search of Ganos' residence. The Skype account showed that Ganos received three child pornography images from another Skype user. The first, with a file name "tara 5yr 040.jpg," depicts a prepubescent female victim, who appears to be between 4-8 years old. She is fully naked and straddling a naked adult male who is lying on his back. His penis is partially inserted

into the female's vagina. The second, with a file name "imgpsh_fullsize (21).jpg," depicts a female victim who is an infant or toddler. An adult male's penis is inserted into her anus, and there is a white substance dripped over her vagina. The third, with a file name "pokp.png," depicts a female victim, who appears to be between 13-16 years old. She is fully naked, and her vagina and buttocks are exposed. She is looking over her right shoulder to face the camera. Ganos also sent images to this user, but only one could be definitively identified as child pornography. The fourth image, with a file name "154327035899700.jpg," depicts a prepubescent female victim, who appears to be between 4-8 years old. She is fully naked, sitting on a bed, with her legs spread and her body is covered in a white/clear substance from her right shoulder to her vagina.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, these offenses.

## PENALTIES

6. The parties understand and agree that the offenses to which the defendant will enter a plea of guilty carry the following maximum terms of imprisonment and fines: Up to 20 years and $250,000. Each count also carries a mandatory special assessment of $100, and a mandatory special assessment of $5,000.00, if the court determines that the defendant is non-indigent, and at least 5 years to lifetime of supervised release. The parties further recognize that a restitution order may be entered by the court.

## DISMISSAL OF REMAINING COUNT OF INDICTMENT

7. The government agrees to move to dismiss the remaining count of the indictment at the time of sentencing.

## ELEMENTS

8. The parties understand and agree that in order to sustain the charge of possession of child pornography as set forth in Counts Two and Three, the government must prove each of the following propositions beyond a reasonable doubt:

 First:  The defendant knowingly possessed or accessed with intent to view any visual depiction; and

6

| | |
|---|---|
| Second: | The visual depiction is child pornography; and |
| Third: | The defendant knew that one or more of the persons depicted were under the age of eighteen years; and |
| Fourth: | The material identified in the indictment has been mailed, shipped, or produced using materials that have been mailed, shipped or produced in or affecting interstate or foreign commerce. |
| Further: | The visual depiction involved a minor under 12 years old. |

## SENTENCING PROVISIONS

9. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

10. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11. The defendant acknowledges and agrees that his attorney has discussed the potentially applicable sentencing guidelines provisions with him to the defendant's satisfaction.

12. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

13. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

14. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

15. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in Counts Two and Three is 18 under Sentencing Guidelines Manual § 2G2.2(a).

## Specific Offense Characteristics

16. The parties agree to recommend to the sentencing court that a two-level increase for material involving a prepubescent minor or a minor who had not attained the age of 12 years under Sentencing Guidelines Manual §2G2.2(b)(2) is applicable to the offense level for the offense.

17. A four-level increase because the offense involved infant or toddler or sadistic or masochistic conduct under Sentencing Guidelines Manual §2G2.2(b)(4) is applicable to the offense level for the offense.

18. A two-level increase because the offense involved the use of a computer for the possession of the material under Sentencing Guidelines Manual §2G2.2(b)(6) is applicable to the offense level for the offense

19. A two-level increase because the offense involved at least 10 but fewer than 150 images under Sentencing Guidelines Manual §2G2.2(b)(7)(A) is applicable to the offense level for the offense.

### Acceptance of Responsibility

20. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. The defendant acknowledges, understands, and agrees that conduct consistent with the acceptance of responsibility includes but is not limited to the defendant's voluntary identification and disclosure to the government of any and all actual or potential victims of the offense prior to sentencing. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

### Sentencing Recommendations

21. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but
9

not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

22. Both parties reserve the right to make any recommendation regarding any and all factors pertinent as they affect sentencing. Both parties reserve the right to argue the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

23. Each party agrees that they will be free to argue for a guideline sentence. Each party is also free to argue a consecutive or a concurrent sentence to case number, 18-CR-62.

## Court's Determinations at Sentencing

24. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

25. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

26. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed

10

by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

27. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, at least 30 days before sentencing, and also upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form. The defendant further agrees, upon request of FLU whether made before or after sentencing, to promptly: cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

### Special Assessment

28. The defendant agrees to pay the special assessment in the amount of $200 or $10,000.00 if the court determines the defendant is non-indigent prior to or at the time of sentencing or upon further order of the court.

### Restitution

29. Pursuant to 18 U.S.C. § 3663, the defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses for victims of the conduct described in the charging instrument, statement of facts, and any relevant conduct, specifically including the minors identified as a victim by law enforcement. The defendant agrees that the minors are properly considered a "crime victim" under 18 U.S.C. § 3771 and are therefore afforded all enumerated rights under that section. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant

agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable ten days prior to sentencing.

30. The defendant understands that because restitution for the offenses is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands the imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

## Forfeiture

31. The defendant agrees that all properties listed in the indictment constitute the proceeds of the offenses to which he is pleading guilty, or were used to facilitate such offenses. The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement. The parties agree that the forfeiture of the defendant's properties as described in the indictment will be determined by the court prior to or at the time of sentencing.

## DEFENDANT'S WAIVER OF RIGHTS

32. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

    a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

    b.       If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

    c.       If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

    d.       At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

    e.       At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

33.    The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offenses to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

34.    The defendant acknowledges and understands that he will be adjudicated guilty of the offenses to which he will plead guilty and thereby may be deprived of certain rights,

13

including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

35. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

36. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his conviction or sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statute[s] or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statute[s] or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

### Further Civil or Administrative Action

37. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## MISCELLANEOUS MATTERS

38. Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release, that the defendant comply with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

## GENERAL MATTERS

39. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

40. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

41. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

42. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the

defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

43. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 2/14/20

BRIAN GANOS
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 2/14/20

JONAS B. BEDNAREK
Attorney for Defendant
1032034

For the United States of America:

Date: 2/14/20

MATTHEW D. KRUEGER
United States Attorney

Date: 2/14/20

MEGAN J. PAULSON
Assistant United States Attorney

18